IN THE SUPREME COURT OF PENNSYLVANIA
WESTERN DISTRICT

| | |
|---|---|
| DAVID BRUNO AND ANGELA BRUNO, HUSBAND AND WIFE AND ANTHONY GOTTI BRUNO AND MCKAYLA MARIE BLAKE, BY THEIR PARENTS AND LEGAL GUARDIANS, DAVID BRUNO AND ANGELA BRUNO,<br><br>Appellants<br><br>v.<br><br>ERIE INSURANCE COMPANY, RUDICK FORENSIC ENGINEERING, INC., THERESA PITCHER AND MARC PITCHER,<br><br>Appellees | : No. 25 WAP 2013<br>:<br>:<br>: Appeal from the Order of the Superior<br>: Court entered July 10, 2012 at No. 1154<br>: WDA 2011, affirming in part and vacating<br>: in part the Order of the Court of Common<br>: Pleas of McKean County entered June 27,<br>: 2011 at No. 1369 C.D. 2009, and<br>: remanding.<br>:<br>:<br>: ARGUED:  April 8, 2014<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**CONCURRING OPINION**

**MR. JUSTICE EAKIN**                    **DECIDED:  DECEMBER 15, 2014**

I agree in full with the majority's analysis concerning a certificate of merit.  I also agree the "gist of the action" doctrine does not bar the present action because statements concerning toxicity are outside the scope of the insurance policy, but I write separately to caution against what I deem troublesome language.  To the extent the majority is perceived to "paint with a broad brush," suggesting any negligence claim based on a contracting party's manner of performance does not arise from the underlying contract, see Majority Slip Op., at 35, I must disagree.  In some cases, such as here, that may be the case.  However, synthesizing case law to stand for such a broad pronouncement does not comport with the "gist of the action" doctrine — an

inherently circumstantial analysis.  See eToll, Inc. v. Elias/Savion Advertising, Inc., 811 A.2d 10, 17 (Pa. Super. 2002) ("[W]hether [a] claim [is] actually barred by the doctrine appears to vary based on the individual circumstances and allegations[.]").

Mr. Chief Justice Castille joins this concurring opinion.